AO 91 (Rev. 11/11) Criminal Complaint

**FILED**

June 26, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ Myrna Gallegos
DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>vs<br><br>VEGA-Reynosa, Ruben<br>TRUJILLO-Lopez, Felipe Jair<br>SAN ROMAN Gonzalez, Juan Carlos<br><br><br>_____<br>*Defendant(s)* | ) <br>)<br>)<br>)  Case No.   **EP-26-MJ-2833-ATB (1,2,3)**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 24, 2026, _____ in the county of _____ El Paso _____ in the
_____ Western _____ District of _____ Texas _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Charge 1: 8 U.S.C.1324 (a)(1)(A)(v)(I), (a)(1)(A)(iii) and (a)(1)(B)(i) | knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others known and unknown, to commit offenses against the United States, namely: knowing and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, and shield from detection, such alien in any place, including any building and any means of transportation. |
| Charge 2: 8 U.S.C. 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i) | knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others known and unknown, to commit offenses against the United States, namely: knowing and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did transport, move, and attempt to transport and move such alien within the United States by means of transportation and otherwise, in furtherance of said violation of law. |

This criminal complaint is based on these facts:

Charge #1: DEFENDANT: VEGA-Reynosa, Ruben
Charge #2: DEFENDANT: TRUJILLO-Lopez, Felipe Jair and SAN ROMAN Gonzalez, Juan Carlos

See Attached
Continued on the attached sheet.

Complaint sworn to telephonically on
_____ June 26, 2026 _____ at _ 11:55 AM _ and signed
electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

Sworn to before me and signed in my presence.

*Complainant's signature*

Claudia Parker, Border Patrol Agent
*Printed name and title*

Date: _ June 26, 2026 _

*Judge's signature*

City and state: _____ El Paso, Texas _____

Anne T. Berton, U.S. Magistrate Judge
*Printed name and title*

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

Ruben VEGA REYNOSA


`PEPT# PEPT260600861


06/26/2026


FACTS    (CONTINUED)

On June 24, 2026, Ysleta Border Patrol Station received information from Fort Hancock Border Patrol Agents regarding a vehicle suspected of illegal alien smuggling possibly in the Ysleta Station Area of Responsibility (AOR). A red in color Ford Edge bearing Texas license plates had been observed in the Fort Hancock area the same morning after a group of illegal aliens entered illegally.  Fort Hancock Agents relayed to Ysleta Agents that the red Ford Edge had been observed parked at a hotel located at 7900 block of Gateway Boulevard East, El Paso, Texas in the Western District of Texas.  Agents responded to the hotel and observed the red Ford Edge in the parking lot. Agents spoke to the hotel manager who advised them that the red Ford Edge was associated room 243 along with a gray in color Ford Mustang bearing Texas license plates.  The hotel manager also provided Agents with the room renter's name VEGA-Reynosa, Ruben herein referred to as DEFENDANT 1 and informed Agents that at least two male individuals had been seen going into room.

Agents conducted an investigative inquiry at room 243 and were greeted by a male individual, later identified as Felipe Yair TRUJILLO-Lopez herein referred to as DEFENDANT 2.  The Agent identified himself as a United States Border Patrol Agent. The agent informed DEFENDANT 2 that they were conducting an immigration investigation regarding possible illegal alien smuggling.  The agent then questioned DEFENDANT 2 as to his country of citizenship and right to be our remain in the United States legally.  DEFENDANT 2 replied by stating he was a citizen of Mexico and readily admitted to being illegally present in the United States.  At that time Agents requested and received consent from DEFENDANT 2 to enter the room and search for additional illegal aliens.  Agents entered the room and found an additional individual who was also questioned by Agents as to his country of citizenship and right to be in the United States legally. The individual, later identified as Juan Carlos SAN ROMAN-Gonzalez herein referred to as DEFENDANT 3, stated he was a citizen of Mexico and admitted to being illegally present in the United States.  Both individuals were placed under arrest and transported to the Ysleta Station for processing and further investigation.

During a post arrest search of the hotel room, Agents found the keys to the red Ford Edge and the gray Ford Mustang in plain view on top of a nightstand.

In a post Miranda statement DEFENDANT 2 admitted to having participated in multiple illegal alien smuggling schemes as a pick-up driver.  DEFENDANT 2 stated he was offered the opportunity to work as a pick-up driver by another individual. DEFENDANT 2 stated that on several occasions, he picked up groups of approximately 5 illegal aliens near the McNary area in Fort Hancock, Texas.  DEFENDANT 2 further stated that he would mainly drive the Ford Mustang and DEFENDANT 3 would drive the red Ford Edge. DEFENDANT 2 stated that he and DEFENDANT 3 had also stayed at a house located at the 4300 block of Oxford Avenue after their illegal entry.  DEFENDANT 2 further stated that DEFENDANT 3 had dropped off illegal aliens that same morning to the Oxford address.

Agents conducted research and identified DEFENDANT 1 associated with the house and address provided by DEFENDANT 2. Agents presented DEFENDANT 2 with a photograph of DEFENDANT 1, who he positively identified as the caretaker of the stash house located at the 4300 block of Oxford.

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

Ruben VEGA REYNOSA

PEPT# PEPT260600861

06/26/2026

FACTS    (CONTINUED)

Agents conducted an investigatory inquiry at the 4300 block of Oxford Avenue in El Paso, Texas in the Western District of Texas.

While waiting to be greeted by someone at the front door, agents conducted a visual inspection of the property. Agents were able to view in plain sight several pairs of muddy shoes outside of the residence's back yard. Agents also observed the trash bins were full and contained large amounts of pizza boxes.  Agents also discovered soiled and muddy camouflaged t-shirts, pants, and "booties" (shoe coverings utilized by illegal aliens when making illegal entries to avoid leaving footprints) in one of the trash bins. Subsequently Agents observed two barefoot male individuals, who were wearing soiled clothing exit through the residence's backdoor and appeared to begin to run.  Agents observed the two individuals turn around and quickly re-enter the house upon noticing them, closing the door behind them.

Agents then observed the same individual who was identified as DEFENDANT 1 come to the door and greet them.  The Agent identified himself as a United States Border Patrol Agent and informed DEFENDANT 1 that they were conducting an immigration investigation regarding the possible housing of illegal aliens in the residence. After they were granted consent from DEFENDANT 1 agents then entered the residence and initiated a search and discovered four male individuals hiding in the attic.

Once out of the attic, Agents questioned the individuals as to their country of citizenship and right to be in the United States legally.  All four individuals readily admitted to being illegally present in the United States, and to not being in possession of any immigration documents that would allow them to enter, be, or remain in the United States legally.  The four individuals and DEFENDANT 1 were under arrest and transported to the Ysleta Station for further investigation and processing. Agents determined DEFENDANT 1 is a United States Citizen.

At the station DEFENDANT 1 gave a post Miranda statement admitting to his involvement in illegal alien smuggling as a stash house caretaker and pick-up driver.  DEFENDANT 1 stated that he had been housing illegal aliens at his residence (4300 Oxford Avenue) for over a month in coordination with smugglers operating in Mexico and the United States and admitted to also working as a pick-up driver utilizing the white Ford Explorer located outside his residence. Agents were granted consent from DEFENDANT 1 to view and search the contents of his cellular phone.  Agents discovered multiple illegal alien proof of life videos confirming DEFENDANT 1 involvement in alien smuggling.

In a post Miranda interview DEFENDANT 3, admitted to being involved in illegal alien smuggling as a pick-up driver and to having been housed at DEFENDANT 1 residence after his illegal entry.  DEFENDANT 3 stated he would drop off illegal aliens at the stash house. Agents were granted consent to view and search the contents of DEFENDANT 3 cellular phone.  During a search of DEFENDANT 3 phone, Agents discovered conversations in the WhatsApp messaging application confirming his involvement in illegal alien smuggling.

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

Ruben VEGA REYNOSA

PEPT# PEPT260600861

06/26/2026

FACTS    (CONTINUED)
Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.

Immigration History:
None Found

None Found

None Found

Criminal History:
08/13/2001, OGLE COUNTY CIRCUIT COURT OREGON, MFG/DEL CONTROLLED SUBSTANCES(F), CNV, 180 days 24 month special probation.
01/15/2002, SD STATE PENITENTIARY, DRUG-DISTR CONTR SUB TYPE UNKN(F), CNV, 5 YRS W/2 YRS, 6 MOS SUSP; 11/02 PAROLED; 05/04 ST PEN DISCHARGE TO SUSPSENT; 12.

None Found

None Found